UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PAMELA MELVIN,                      )
                                    )
              Plaintiff,            )
                                    )
v.                                  ) Civil No. 12-1501 (EGS)
                                    )
U.S. DEPARTMENT OF                  )
VETERANS AFFAIRS et al.,            )
                                    )
              Defendants.           )
_____)


MEMORANDUM OPINION


   *Pro se* plaintiff and veteran Pamela Melvin has filed
Privacy Act and constitutional claims against the U.S.
Department of Veterans Affairs (VA).[1] Am. Compl. (ECF No. 70).
The VA moves to dismiss the Amended Complaint for lack of
subject matter jurisdiction and for failure to state a claim.
Def.'s Mot. to Dismiss (ECF No. 74); FED. R. CIV. P. 12(b)(1),
12(b)(6). Upon consideration of the motion, Plaintiff's response
and the VA's reply, the entire record, and the applicable law,
the Court **GRANTS** the VA's motion for the reasons set forth
herein.

_____

[1] Plaintiff initially brought seven claims against a larger
number of defendants. *See* Compl. (ECF No. 1). The Court granted
her leave to file an amended complaint pursuant to FED. R. CIV. P.
15(a)(2) after the VA filed a motion to dismiss. *See* Jan. 7,
2014 Minute Order; VA's Mot. to Dismiss (Renewed) (ECF No. 57).
In her Amended Complaint, Plaintiff maintains her amended claims
only against the VA. *See generally* Am. Compl.

**I.  BACKGROUND**

Pamela Melvin served in the United States Army in the 1970s. Am. Compl. ¶ 50. The allegations in her 76-page Amended Complaint are somewhat unclear, but the thrust of her lawsuit focuses on the treatment of her claims for VA benefits.

A.  *The Amended Complaint*

The Amended Complaint primarily describes Plaintiff's attempts to claim benefits for post-traumatic stress disorder (PTSD) by filing for service-connected benefits, and her attempts to claim benefits for the treatment of her rheumatoid arthritis by filing a claim under 38 U.S.C. § 1151.[2] Further, the Amended Complaint describes several other grievances the Court must address.

1.  The Claims.

Plaintiff lists eight causes of action in her Amended Complaint. As described as follows, each cause of action (COA) is labeled as a violation of the Privacy Act and claims willful and intentional violation of the Act. Moreover, most of the claims also allege constitutional violations, including denial of Plaintiff's access to the courts in violation of the First and Fifth Amendments:

_____

[2] Generally speaking, 38 U.S.C. § 1151 authorizes compensation for a disability caused by hospital care or treatment administered by a VA employee, when the proximate cause was negligence, the event was not reasonably foreseeable, or the disability was proximately caused by rehabilitation treatment.

- <u>COA I</u>: Privacy Act and constitutional violations for the VA's failure to respond to Plaintiff's July 2009 request to amend her PTSD claims, *id*. ¶ 239, and for failure to respond to her January 2011 requests for the Board's January 6, 2010 decision, *id*. ¶¶ 239, 243, 250, 261.

- <u>COA II</u>: Privacy Act and constitutional violations for the VA's failure to respond to Plaintiff's letters of 2011 and 2012 requesting records related to her § 1151 claim. *Id*. ¶¶ 275–76, 281–84, 286, 287.

- <u>COA III</u>: Privacy Act and constitutional violations for the VA's failure to provide primary care clinic information to Plaintiff after she sent the 2011 and 2012 letters requesting the records relating to her PTSD and § 1151 claims. *Id*. ¶¶ 292–99, 307. Plaintiff maintains the failures to respond to her requests for records left her without a means to challenge the failure to assign her a primary care clinic, thereby precluding her from appealing the VA's decision. *Id*. ¶¶ 301–08.

- <u>COA IV</u>: Privacy Act and constitutional violations for failure to respond to Plaintiff's July 2009 request to amend her PTSD claims and for failure to maintain her record to include the request. *Id*. ¶¶ 313–18, 320–22.

- <u>COA V</u>: Privacy Act and constitutional violations for the VA's intentional inclusion in her benefits record of the allegedly fraudulent July 2008 appeal of Plaintiff's § 1151 claim decided that same month, which she did not file, as well as the March 2009 decision regarding that appeal. *Id*. ¶¶ 331, 333, 336–39.

- <u>COA VI</u>: Privacy Act and constitutional violations for the VA's intentional exclusion from her benefits record of Plaintiff's July 2009 appeal of her § 1151 claim. *Id*. ¶¶ 343–45, 348–350.

- <u>COA VII</u>: Privacy Act violation for the VA's failure to assign Plaintiff a primary care clinic in 2010. *Id*. ¶¶ 353–362.

- <u>COA VIII</u>: Privacy Act violation for the VA's failure to provide to Plaintiff the audio tape of her August 2005 Board of Veterans' Appeals hearing, as well as the destruction of that tape. *Id*. ¶¶ 364–367.

Plaintiff seeks damages of $2–3 million per cause of action, attorney's fees, and any other relief the Court deems adequate and just. *Id*. at 75–76.

## 2. The PTSD Claim.

Ms. Melvin filed an application for service-connected compensation with the VA in 2001 claiming mental and emotional distress for sexual trauma during her military service; in 2005, the VA identified her claim as one for PTSD. Am. Compl. ¶¶ 50, 235. Her claim appears to have been considered and appealed to the Board of Veterans' Appeals. *Id*. ¶¶ 50–73. The ALJ heard the appeal on August 1, 2005 and remanded to the Winston-Salem Regional Office ("RO") for, among other things, a medical evaluation for psychotic disorder. *Id*. ¶¶ 70–73. The medical evaluation took place in February 2007. *Id.* ¶¶ 111–142, 237. Sometime after this August 2005 hearing, Ms. Melvin supplemented her PTSD claim to include allegations about two distinct sets of sexual trauma incidents. *Id*. ¶¶ 75, 146.

Because Plaintiff included additional information for consideration of her PTSD claim after her August 2005 hearing, she sent a letter requesting another hearing before the Board of Veterans' Appeals. *Id*. ¶ 146. In response, Ms. Melvin alleges the Board of Veterans' Appeals sent her a document by which she could request a hearing, which she completed and returned. *Id*. ¶

147. Plaintiff claims she never received an additional hearing. *Id.* ¶ 148.

In October 2009, Ms. Melvin inquired about the status of her PTSD claim by calling the VA's toll-free hotline. *Id.* ¶¶ 179–180. She alleges the representative on the call informed her that the PTSD appeal was still pending. *Id.* The Appeals Management Center allegedly denied her appeal in September 2009, and the Board of Veterans' Appeals issued a final decision denying her PTSD claim on January 6, 2010. *Id*. ¶¶ 197, 148.

Ms. Melvin did not learn of this outcome in 2010, and only learned of the decision when she called the VA's toll-free hotline in January 2011 for an update on her benefits claims. *Id*. ¶¶ 181–182, 240, 241. Ms. Melvin made several calls to the VA during January 2011. *Id*. ¶¶ 181, 196. During these calls Plaintiff requested, among other things, a copy of the January 2010 decision. *Id*. ¶ 202. Each representative responding to her calls indicated there was no written record of the decision. *Id*. ¶ 208. Ms. Melvin also promptly sent several letters to different VA officials and offices requesting records related to her PTSD claim. *Id*. ¶¶ 186–190, 203–07. She sent additional letters requesting her PTSD claim records in April 2011, *id*. ¶¶ 211–16, 270–71, and again in January and February 2012, *id*. ¶¶ 217–220, 272–73.

Aware of the 120-day appeal window, Plaintiff believed her opportunity to challenge the decision had closed even though she had not timely received the January 2010 decision. *Id*. ¶¶ 244–48, 251. Nevertheless, in one of her January 2011 letters requesting a copy of the decision, she attempted to notify the VA that she wanted to appeal the January 2010 decision. *Id.* Ex. G. Plaintiff alleges she received the January 6, 2010 decision for the first time in March 2012. *Id*. ¶¶ 221, 223, 244.

### 3. The 38 U.S.C. §1151 Claim.

In addition to the PTSD claim Ms. Melvin filed in 2001, the Amended Complaint also describes a benefits claim filed in May 2007 with the Winston-Salem RO. In that claim, Plaintiff requested compensation under 38 U.S.C. § 1151 for the rheumatoid arthritis treatment she had received at VA hospitals. Am. Compl. ¶¶ 149, 325. In July 2008, the RO denied the § 1151 claim. *Id*. ¶¶ 150, 326. In July 2009, Plaintiff timely appealed. *Id*. ¶¶ 151, 153, 327, 328. With her appeal, she also enclosed a letter seeking to amend her records pertaining to the PTSD claim to include additional facts and to challenge the inclusion of allegedly false statements from the doctor who performed her February 2007 medical evaluation. *Id*. ¶¶ 154–56, 238, 313.

Plaintiff did not receive a response from the VA regarding her July 2009 request to amend her records. *Id*. ¶¶ 239, 314. She contends this failure to act or to amend her record was

intentional or willful. *Id*. ¶ 315. Ms. Melvin alleges the VA
instead sent her a letter scheduling a medical reevaluation for
her service-connected claim. *Id*. ¶¶ 159–160. She did not attend
the scheduled medical examination, however, because she
allegedly feared her medical records would be falsified as they
allegedly were during her February 2007 evaluation. *Id*. ¶ 161.

During her January 2011 calls to the VA's toll-free
hotline, Plaintiff also inquired about her § 1151 claim and
learned her file contained an appeal, dated on or around July
2008, of the VA's decision on that § 1151 claim. *Id*. ¶¶ 196–97,
329. Plaintiff contends she did not file this July 2008 appeal.
*Id*. ¶¶ 200, 230. She maintains the VA intentionally included in
her file the July 2008 appeal she did not file. *Id*. ¶¶ 336–37.
The VA denied this July 2008 appeal in March 2009. *Id*. ¶ 197.
Plaintiff's § 1151 claim was allegedly closed after she did not
appeal the March 2009 decision. *Id*. ¶ 278.

Plaintiff further contends the VA hotline representatives
each informed her that there was no record of her July 2009
appeal of the § 1151 claim or a request to amend her records.
*Id*. ¶ 201.

One of Ms. Melvin's January 2011 letters to VA officials,
referenced above, requested a copy of the March 2009 decision.
*Id*. ¶¶ 203–06, 330. The VA did not respond to her request. *Id*. ¶
207. Ms. Melvin's letters of April 2011, January 2012, and

February 2012 repeated her request for records relating to her §
1151 claim. *Id*. ¶¶ 211-220, 270-72. She sent yet another letter
requesting these records in June 2012. *Id*. ¶¶ 224-25. In March
2011, Plaintiff alleges she ultimately received a copy of the
March 2009 decision. *Id*. ¶¶ 209, 330.

### 4. Other Grievances.

Plaintiff's Amended Complaint raises two other issues.
First, she alleges she has been denied assignment to a primary
care clinic. Plaintiff registered for enrollment for on-going
medical treatment at the Fayetteville, North Carolina VA
hospital in July 2010. *Id*. ¶ 163. After twice attempting to
receive emergency care for treatment of her arthritis in August
2010, VA employees informed Plaintiff she would receive an
appointment for care within several weeks. *Id.* ¶¶ 164-65. When
she had not received an appointment by November 2010, Ms. Melvin
called the hospital and learned she had not been assigned a
primary care clinic. *Id*. ¶¶ 166-69. Further, the VA apparently
had mailed Plaintiff an appointment notice in September 2010,
but because she had missed her appointment, she had been placed
on a lengthy waitlist for treatment. *Id*. ¶¶ 170-71. Plaintiff
submits she has been unable to receive medical treatment because
she has not been assigned a primary care clinic. *Id*. ¶ 357.

The second other grievance Plaintiff alleges in her Amended
Complaint relates to an audio tape of the August 1, 2005 hearing

before the Board of Veterans' Appeals. Ms. Melvin allegedly submitted several requests for the audio tape of the August 2005 hearing. The Amended Complaint describes four such requests in October 2005, April 2011, January 2012, and February 2012. *Id*. ¶¶ 232, 214–220, 224–25. Plaintiff claims she has not received the tape, and believes it has been destroyed. *Id*. ¶¶ 233, 366.

B.  *VA's Motion to Dismiss*

The VA has moved to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim.[3] The VA argues all of Plaintiff's claims are based upon substantive decisions by the VA and are therefore barred from review by this Court by 38 U.S.C. § 511(a). Def.'s Mot. to Dismiss at 5. As discussed in detail, the VA argues the Veterans Judicial Review Act (VJRA) provides the appropriate forum for Plaintiff to challenge the substance of her veterans benefits determinations, including the statutory and constitutional claims before the Court. *Id*. at 6–8. Further, the VA argues the fourth and eight causes of action of the Amended Complaint are barred by the two-year limitation for bringing Privacy Act claims. *Id*. at 8–9. Finally, to the extent Plaintiff alleges tort claims, the VA contends her claims have not been

_____

[3] The VA also moves to amend the case caption to reflect that the VA is the only named defendant in the case. Def.'s Mot. to Dismiss at 1. Ms. Melvin did not address this portion of the motion, so the Court **GRANTS AS CONCEDED** the VA's request.

administratively exhausted and are, in any event, time-barred.
*Id.* at 10–11.

Plaintiff opposes the VA's motion to dismiss, generally arguing this Court has jurisdiction to hear her properly pleaded claims. Pl.'s Opp'n to Def.'s Mot. to Dismiss (ECF No. 86) at 1. She maintains the VA's Privacy Act violations and the VA's statute of limitations challenges to her pending appeals in the Court of Appeals for Veterans Claims have deprived her of an opportunity to present her case regarding her record with, and benefits from, the VA. *Id.* at 4–5. Thus, she argues she was effectively denied access to the courts in violation of the First and Fifth Amendments to the Constitution. *Id.* at 2.

## II. __STANDARD OF REVIEW__

### A.  *Rule 12(b)(1)*

The VA challenges the Court's jurisdiction to hear Plaintiff's claims under Rule 12(b)(1). The plaintiff bears the burden of establishing the court has subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936). Federal district courts are courts of limited jurisdiction and "possess only that power conferred by [the] Constitution and [by] statute." *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377 (1994)) (alteration in original). "There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiff in this case, to establish that the Court has subject matter jurisdiction over the action." *Id.* at 153 (citing *McNutt*, 298 U.S. at 182–83); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on a court's power to hear a claim, the court must give a plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Thus, to determine whether it has jurisdiction over a claim, the court may consider materials outside the pleadings where necessary to resolve disputed jurisdictional facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

B.    *Rule 12(b)(6)*

The VA also argues the Amended Complaint should be dismissed for failure to state a claim. Def.'s Mot. to Dismiss at 2; FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). To be viable, a complaint must contain "a short and plain statement of the claim

11

showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted). The plaintiff need not plead all of the elements of a prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002), nor must the plaintiff plead facts or law that match every element of a legal theory. *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000). Despite this liberal standard, a complaint still "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citation omitted). *Pro se* plaintiffs' complaints filed "without the assistance of counsel are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Brown v. Dep't of Veterans Affairs*, No. 94-1119, 1996 WL 263636, at *1 (D.D.C. May 15, 1996) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a court "need not accept inferences drawn by plaintiff[] if such

inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276. Further, "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## III. <u>ANALYSIS</u>

### A. *Privacy Act Claims*

The Privacy Act of 1974, 5 U.S.C. § 552a, governs the collection and dissemination of information and maintenance of records by the government. The Privacy Act requires an agency to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may access an agency's records pertaining to her, and she may request amendment of such records. *See* 5 U.S.C. § 552a(d). That individual may file a civil action against an agency that "makes a determination . . . not to amend an individual's record in accordance with his request." 5 U.S.C. § 552a(g)(1)(A). In addition, an individual may bring suit against an agency under subsection (g)(1)(C) if the agency

> fails to maintain any record concerning any individual
> with such accuracy, relevance, timeliness, and
> completeness as is necessary to assure fairness in any
> determination relating to the qualifications,
> character, rights, or opportunities of, or benefits to
> the individual that may be made on the basis of such
> record, and consequently a determination is made which
> is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C).

Though the Privacy Act vests broad discretion in a district court to "order the agency to amend the individual's record in accordance with his request or in such other way as the court may direct," the remedy generally is limited to the correction of inaccurate or incomplete documents. 5 U.S.C. § 552a(g)(2)(A). The Privacy Act thus cannot be used as a vehicle to "correct" a substantive decision unfavorable to an individual's interest. *See Byrnes v. Merit Sys. Prot. Bd.*, No. 04-742, 2005 WL 486156, at *2 (D.D.C. Mar. 2, 2005); *Douglas v. Agric. Stabilization and Conservation Serv.*, 33 F.3d 784, 785 (7th Cir. 1994) ("We join many other circuits in holding that the Privacy Act does not authorize relitigation of the substance of agency decisions."). That is, the Privacy Act provisions for amending records "are not designed to permit collateral attack upon that which has already been the subject of a judicial or quasi-judicial action." *Kennedy v. Andrus*, 459 F. Supp. 240, 242 (D.D.C. 1978). In cases of willful or intentional Privacy Act

violations, as pleaded here, the Court may award actual damages. 5 U.S.C. § 552a(g)(4).

The Privacy Act is not "'a vehicle for amending the judgments of federal officials or   . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies.'" *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337–38 (D.C. Cir. 1992) (quoting *Rogers v. U.S. Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal. 1985)) (alteration in original); *accord Baker v. Winter*, 210 F. App'x 16, 18 (D.C. Cir. 2006) ("The Privacy Act requires modification only of factual errors, not of errors in opinion[.]") (citation omitted); *see also Levant v. Roche*, 384 F. Supp. 2d 262, 270 (D.D.C. 2005) (noting a complaint "not about the accuracy of [ ] records, but about the underlying decision they reflect" is not cognizable under the Privacy Act); *McCready v. Principi*, 297 F. Supp. 2d 178, 190 (D.D.C. 2003) ("The [Privacy Act] allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be.") (citations omitted), *rev'd in part on other grounds sub nom. McCready v. Nicholson*, 465 F.3d 1 (D.C. Cir. 2006).

In the context of the VA, 38 U.S.C. § 511(a) further limits the scope of the Privacy Act so that it cannot be used to challenge the VA's benefits decisions. "[A]ll questions of law and fact necessary to a decision by the Secretary under a law

that affects the provision of benefits by the Secretary to veterans" must be decided by the Secretary. 38 U.S.C. § 511. Instead, such challenges should be brought in the system of courts established by the VJRA. *See Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) ("As amended by the Veterans Judicial Review Act, the Veterans' Benefits Act of 1957 precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits . . . ."), *cert. denied*, 534 U.S. 903 (2001) (internal citations omitted).

The law is settled that this Court may not hear claims attempting to challenge impermissibly the underlying VA benefits decisions; to allow such Privacy Act claims would require this Court to intrude impermissibly on the province of the Secretary of Veterans Affairs. *See Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (affirming dismissal pursuant to § 511 of Privacy Act claims that "allege only that the VA's failure to maintain accurate and complete records adversely affected [plaintiff]'s benefits determinations").

### 1. The First Seven Causes of Action.

The VA argues the Privacy Act violations alleged in all eight causes of action should be dismissed for lack of subject matter jurisdiction. The VA argues Plaintiff's causes of action essentially amount to attacks on the VA's benefits decisions on her claims. Def.'s Mot. to Dismiss at 3. Thus, the VA argues the

16

Court lacks subject matter jurisdiction to hear Plaintiff's claims because 38 U.S.C. § 511 bars courts from considering "questions of law or fact necessary to a decision . . . under a law that affects the provision of benefits . . . ." Def.'s Mot. to Dismiss at 5-6; 38 U.S.C. §511(a).[4] Plaintiff opposes, and seems to argue a VA benefits decision cannot strip her of an accurate VA benefits record under the Privacy Act. Pl.'s Opp'n at 5.

While the first seven causes of action allege Privacy Act violations of the statutory access to and maintenance of Ms. Melvin's benefits record, the purpose or effect of these seven claims is to challenge the underlying benefits determinations as a consequence of the alleged Privacy Act violations. Am. Compl. at 53-74. Specifically, the first and fourth causes of action allege the VA failed to respond to Ms. Melvin's request to amend her PTSD claims. *Id*. ¶¶ 156, 234-68, 312-323. Plaintiff's second cause of action challenges the VA's accurate maintenance of, and her access to, her benefits record, claiming she was harmed by the VA's failure to respond to her requests for copies of the January 6, 2010 decision in 2011 and 2012. *Id*. ¶¶ 269-290. The third cause of action alleges Ms. Melvin's requests for the records about her pending claims should have triggered the VA to

---

[4] There are statutory exceptions to the framework, but none of these exceptions apply here. *See* 38 U.S.C. § 511(b); Def.'s Mot. to Dismiss at 6-7 (citing statute).

assign her a primary care clinic, or put in writing its refusal to do so. *Id*. ¶¶ 291–311. Similarly, Plaintiff's seventh cause of action claims the VA violated the Privacy Act by failing to assign her to a primary care clinic. *Id*. ¶¶ 352–362. The fifth and sixth causes of action challenge not only the maintenance of Ms. Melvin's record regarding her § 1151 appeal, but the treatment of those appeals. *Id*. ¶¶ 324–351. These requests venture beyond the Privacy Act's requirement that the VA maintain accurate records and into the substantive decisions of the VA, which should be challenged within the court system established by the VJRA.

Plaintiff does not simply seek to amend her records. Rather, the Amended Complaint seeks damages for harm to Ms. Melvin's pending benefits claims resulting from the alleged Privacy Act violations. *Id*. at 75–76. Plaintiff's claims are based on her allegations that the VA's willful failure to maintain accurate and complete records adversely affected her benefits determinations or access to services. *See id.* ¶¶ 321, 338, 349, 360.

The Court agrees the VJRA, rather than the Privacy Act, provides the exclusive forum for bringing the challenges Plaintiff raises here. The Veterans Judicial Review Act of 1988 establishes the process by which veterans may appeal the substance of VA decisions: after a Regional Office makes a

determination on the claim, a veteran may appeal, within one year, to the Board of Veterans' Appeals. 38 U.S.C. §§ 7104, 7105; *see generally* Veterans Judicial Rev. Act of 1988, Pub. L. 100-687, 102 Stat. 4105 (1988). The Board of Veterans' Appeals may either remand back to the RO or issue a final VA decision. 38 U.S.C. §§ 7103, 7104. From there a veteran may appeal, within 120 days, to the Court of Appeals for Veterans claims, an Article I court. 38 U.S.C. §§ 7251, 7252, 7266. Finally, a veteran may appeal, within 60 days, to the Court of Appeals for the Federal Circuit any legal issue, such as the validity or interpretation of a statue, regulation, or rule of law. 38 U.S.C. § 7292; Fed. R. App. P. 4(a)(1)(B). To the extent Plaintiff wanted to argue the VA's alleged Privacy Act violations affected her substantive benefits decisions, she was free to raise them within the confines of judicial review described in Title 38. *See* 38 U.S.C. §§ 511, 7104, 7252, 7292; *see also supra* at 17–18.

In view of the statutory scheme to address Plaintiff's statutory and constitutional claims, this Court lacks subject matter jurisdiction to hear them. Indeed, "[t]he courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction." *Price*, 228 F.3d at 422 (citation omitted); *see also Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983)

(affirming dismissal of Privacy Act claim based on destruction of medical records pertinent to claim for veterans' disability benefits). Rather, "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals [renamed Court of Appeals for Veterans Claims] and from there to the United States Court of Appeals for the Federal Circuit." *Price*, 228 F.3d at 421 (citing 38 U.S.C. §§ 511, 7252, 7292) (other citations omitted). Consequently, the Court dismisses the first seven Privacy Act claims pursuant to Rule 12(b)(1). *See Hunt v. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (affirming summary judgment because district court lacked subject matter jurisdiction over plaintiff's Privacy Act claims for damages).

2.    The Eighth Cause of Action.

The eighth cause of action is somewhat different than the first seven. The eighth cause of action describes a Privacy Act violation for the VA's failure to provide to Ms. Melvin the audio tape of the August 1, 2005 Board of Veterans' Appeals hearing, as well as the ultimate destruction of the tape. Am. Comp. ¶¶ 363–67. Because the cause of action requests damages related to the allegedly intentional denial of access to a portion of Ms. Melvin's benefits record, it cannot be construed as a collateral attack on her benefits determinations. Section

511(a) therefore poses no jurisdictional bar to the Amended Complaint's eighth cause of action.

The Court next considers whether the remaining eighth cause of action survives the VA's Rule 12(b)(6) challenge. The VA argues the eighth claim of the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) as barred by the Privacy Act's two-year time limitation. Def.'s Mot. to Dismiss at 8-9. The requirement that Privacy Act claims be brought within two years is not jurisdictional, and these claims are therefore reviewable under the rubric of Rule 12(b)(6). *Kursar v. TSA*, 751 F. Supp. 2d 154, 165 (D.D.C. 2010). The statute of limitation begins to run when the plaintiff knows, or should have known, of the alleged violation. *Id.* (quoting *Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987)).

Plaintiff does not address specifically her eighth cause of action in her opposition to the VA's motion to dismiss, but she notes the two-year limitation does not apply where "an agency has materially and willfully misrepresented any information required . . . to be disclosed . . . and the information so misrepresented is material to establishment of the liability of the agency . . . ." 5 U.S.C. § 552a(g)(5); Pl.'s Opp'n at 9. But in the Amended Complaint, Plaintiff alleges she requested the hearing tape at least as early as October 21, 2005. Am. Compl. ¶¶ 226, 232. Ms. Melvin does not explain why she waited almost

seven years to bring her Privacy Act claim regarding the August 1, 2005 hearing tape.[5] Consequently, the Court dismisses the Amended Complaint's eighth cause of action pursuant to Rule 12(b)(6) as time-barred.[6]

### B.    *Denial of Access to Courts Claims*

Though somewhat dispersed throughout the Privacy Act claims, the Amended Complaint further describes constitutional violations regarding Plaintiff's access to courts to litigate her VA claims. *See* Am. Compl. at 53–65, 67–72. In brief, Plaintiff asserts she has been denied an opportunity to litigate her VA benefits claims because her benefits record was inaccurately maintained or amended. *Id*.

"The Supreme Court has long recognized that citizens have a right of access to the courts." *Broudy v. Mather*, 460 F.3d 106, 117 (D.C. Cir. 2006) (citation omitted). A claim for denial of access may be backward-looking or forward-looking. *Id*. at 117–118. Backward-looking claims are those where claims that "cannot now be tried . . . no matter what office action may be in the

---

[5] In the initial motion to dismiss filed in this case, the defendants argued Ms. Melvin did, in fact, receive a copy of the August 1, 2005 hearing tape, and supported their claim with a declaration. *See* Mem. in Supp. of Defs.' Mot. to Dismiss (ECF No. 17-1) at 15; Decl. of A. Wold (ECF No. 17-2) ¶ 3, Ex. 1. The VA did not raise this argument in the pending motion.

[6] The Court also notes that Ms. Melvin admits receiving a transcript of the hearing, and has not explained why she is entitled to an audio tape, rather than a transcript of the proceedings, at all. *See* Am. Compl. Ex. Q, at 8.

future." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 406, 413–414 (2002)). Forward-looking claims deny "an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term . . . ." *Harbury*, 536 U.S. at 413.

Regardless of whether Plaintiff brings forward- or backward-looking constitutional claims, they fail in the same fashion as the Privacy Act claims on which they rely. Plaintiff's constitutional challenges here are facial attacks on VA benefits determinations, not allegations she was foreclosed from challenging those determinations. "Although [plaintiff]'s complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) (citing *Pappanikoloaou v. Admin. of Veterans Admin.*, 762 F.2d 8, 9 (2d Cir. 1985) (per curiam) (noting, "we agree with those circuits that have held that one may not circumvent § [5]11(a) by seeking damages on a constitutional claim arising out of a denial of benefits," and collecting cases), *cert. denied*, 474 U.S. 851 (1985)).

As with her Privacy Act claims, Plaintiff had the opportunity to bring these claims before a court with

jurisdiction to hear them, such as the courts established by the VJRA. Those courts have jurisdiction to hear statutory and constitutional claims related to veterans benefits determinations. The limitations of judicial review imposed by 38 U.S.C. § 511 thus do not restrict Ms. Melvin's "First Amendment right of free speech or abridge [her] right to seek redress of [her] grievances. . . . [R]ather, § 511 directs [her] to the proper judicial" forum. *Peavey v. Holder*, 657 F. Supp. 2d 180, 186 (D.D.C. 2009). Pursuant to Rule 12(b)(1), the Court therefore dismisses for lack of subject matter the denial access to courts constitutional claims of the Amended Complaint.

      *C.*    *Federal Tort Claims Act*

    While the Amended Complaint does not expressly allege any tort actions against the VA, the Amended Complaint claims harm from the VA's treatment (or lack thereof) of Ms. Melvin's conditions. *See* Def.'s Mot. to Dismiss at 10. Arguably, then, she may be asserting tort claims against the federal government. Such claims are governed by the Federal Tort Claims Act (FTCA), which waives sovereign immunity in limited circumstances, permitting plaintiffs to sue the United States for torts "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Sloan v. Dep't of Hous. & Urban Dev.,* 236 F.3d 756, 759 (D.C. Cir. 2001).

Before filing suit under the FTCA, a plaintiff must first
present her alleged claims "to the appropriate Federal agency."
28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a
mandatory, jurisdictional prerequisite to filing such a lawsuit
in federal court. *See Jones v. U.S.*, 296 F. App'x 82, 83 (D.C.
Cir. 2008); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 370-71 (D.C.
Cir. 1997); *GAF Corp. v. United States*, 818 F.2d 901, 917-920
(D.C. Cir. 1987).

To exhaust administrative remedies under the FTCA, a
plaintiff must have presented the agency with "(1) a written
statement sufficiently describing the injury to enable the
agency to begin its own investigation, and (2) a sum-certain
damages claim." *GAF Corp.*, 818 F.2d at 905. Further, the agency
must have either denied the claim in writing or failed to
provide a final disposition within six months of the filing of
the claim. *Id.; Thomas v. Nicholson*, 539 F. Supp. 2d 205, 213
(D.D.C. 2008). The claimant must present the administrative
claim to the agency within two years of discovery of "both his
injury and its cause." *Sexton v. United States*, 832 F.2d 629,
633 (D.C. Cir. 1987) (quoting *U.S. v. Kubrick*, 444 U.S. 111, 119
(1979)); *see* 28 U.S.C. §§ 2401(b), 2675(a).

To the extent Plaintiff alleges tort claims against the VA
in her Amended Complaint, those claims must fail because she did
not exhaust her administrative remedies. The Amended Complaint

alleges instances of Ms. Melvin's requesting assistance from the VA in reviewing or amending her record. Am. Compl. ¶¶ 153–54, 185–190, 203–205, 211, 214, 217, 219, 223, 224, 226, 232, Exs. C, D, G, H, J–M, O. The requests, however fail to identify at least a "sum-certain damages claim" as required by the FTCA. 28 U.S.C. § 1346(b). Plaintiff has failed to allege that she has identified a sum-certain damages claim in any of her correspondence regarding her grievances with the VA. *See generally* Am. Compl. Exs. A, C, D, G, H, J–M, O. Because Plaintiff failed to invoke properly the FTCA's limited waiver of sovereign immunity, the Court does not have jurisdiction to hear her claims. Pursuant to Rule 12(b)(1), the Court dismisses any construable claims under the FTCA.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the VA's motion to dismiss. Plaintiff's Amended Complaint is dismissed in its entirety. The Court **GRANTS AS CONCEDED** the VA's motion to amend the case caption. Finally, the Court **DENIES AS MOOT** Plaintiff's pending motion to issue subpoenas and motion for partial summary judgment.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **September 30, 2014**